## ROECKERS, Admr. v LAWRENCE

Ohio Appeals, 1st Dist, Hamilton Co

No. 5598. Decided May 15, 1939

Benjamin S. Schwartz, Cincinnati, and Morris J. Leher, for appellant.

August A. Rendigs, Jr., Cincinnati, for appellee.

## OPINION

By HAMILTON, PJ.

Appeal on questions of law.

This is a wrongful death claim.

The trial resulted in a verdict and judgment for the defendant. The appeal is by the plaintiff from that judgment.

Error is claimed in the giving of special charges, and error in the general charge, and in the submission of Ordinance No. 74-74 of the City of Cincinnati, bearing on crossing by pedestrians at cross-walks.

The charges of negligence in the petion are in substance that defendant made a left hand turn at high speed, exceeding twenty miles per hour, in a closely built-up section in the city; that he violated sections 74-56, 74-57 and 74-97 of the Ordinances of the City of Cincinnati, resulting in striking the decedent with his automobile causing her death.

The answer admits colliding with decedent and as a result decedent was killed. Defendant denies negligence and charged contributory negligence of decedent in crossing the street at other than the intersection cross-walk, in violation of City Ordinances Nos. 74-109 and 74-74.

The special charges complained of was the submission of these ordinances.

Appellant urges that said ordinances are unconstitutional, in that they are in conflict with §6310-34, GC, and urges that said general law gives the pedestrian the right to cross the street at other than a designated cross-walk, where crossings or cross-walks are an unreasonable distance apart. That the City Ordinances do not give this right and are, therefore, in conflict with state law. True, the state law gives the added right and would control in a case where there was a controlling fact. It is not necessary to hold the ordinances unconstitutional in order to give the state law effect.

In this case, however, it is conceded that decedent attempted to cross at or near the cross-walk. So there is no question of unreasonable distance in the case. The point is academic and technical only.

There was no error in the giving of the special charges or in the general charge on that point.

Complaint is made that the court erred in charging the jury on unavoidable accident. This was error, and if prejudicial would require a reversal.

The great weight of the evidence is that decedent undertook to cross the street at a point 30 or 40 feet beyond the intersection, where he was struck. This was in violation of the ordinances of the City of Cincinnati, and was thereby negligence per se, and if that negligence was a proximate cause of his being struck and killed, there could be no recovery in this case.

No interrogatories were submitted to the jury and its verdict may have been on the sole ground of contributory negligence, and under the two-issue rule, the verdict and judgment cannot be disturbed, notwithstanding there was evidence of negligence on the part of the defendant.

The charge on unavoidable accident was not prejudicial.

We find no prejudicial error in the record, and the judgment is affirmed.

MATTHEWS & ROSS, JJ., concur.